IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ZACHARY JOHNSON, #L3770                                                                    PETITIONER

versus                                                            CIVIL ACTION NO. 2:06-cv-84-KS-MTP

WARDEN RAYFORD E. HORTON, SR., *et al.*                                           RESPONDENTS

ORDER

THIS CAUSE is before the court upon the petitioner's motion for production of documents [21]. Having reviewed the submissions of the parties and the applicable law and being fully advised in the premises, the court finds as follows:

In October of 2002, Zachary Johnson was convicted of murder and aggravated assault. He was sentenced to serve life for the murder and fifteen years for the assault, with the sentences to run consecutively. His conviction and sentence were affirmed by the Mississippi Court of Appeals.[1] Following the Mississippi Supreme Court's denial of his application for leave to seek post-conviction relief in the trial court, Johnson filed his *pro se* Petition for Writ of Habeas Corpus, enumerating several grounds upon which he claims habeas corpus relief is warranted– among them, that his constitutional right to a speedy trial was violated. In answer to the petition, the respondents addressed each of the asserted grounds. As a part of the *Barker v. Wingo* analysis of the speedy trial issue with respect to whether Johnson had asserted the right, the respondents stated: "There is no evidence that Johnson ever attempted to complain about the length of the delay at any point during the lengthy pre-indictment period." Answer [18] at 12. In his rebuttal, Johnson takes issue with this statement and asserts that "shortly after he was arraigned January 17, 2001, ...he mailed a NOTARIZED MOTION TO DISMISS FOR SPEEDY

---

[1] *Johnson v. State of Mississippi,* 910 So. 2d 1174 (Miss. App. 2005).

TRIAL VIOLATION to his court appointed trial counsel on January 22, 2001." Rebuttal [22] at 5-6.  It is to this assertion that his discovery request appears to be directed.

By his motion Johnson seeks an order requiring the Jones County Jail to produce a copy of the "outgoing mail log from January 22, 2001 up to January 25, 2001" and states his purpose of using the mail log as an exhibit "on habeas corpus proceedings within this court to verify outgoing mail mailed to his court appointed defense counsel."  Motion [21] at ¶¶ 3-4.

A habeas petitioner like Johnson may be entitled to discovery under Rule 6 of the Rules Governing Section 2254 Cases "only if and only to the extent that the district court finds good cause." *Murphy v. Johnson,* 205 F.3d 809, 814 (5th Cir. 2000).  To establish good cause, "the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief... .'" *Lave v. Dretke,* 416 F.3d 372, 380 (5th Cir. 2005); *see also United States v. Webster,* 392 F.3d 787, 801-802 (5th Cir. 2004) (both quoting *Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir. 1994) and denying review of district courts' denials of discovery requests).  Additionally, "a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory."  *Murphy v. Johnson,* 205 F.3d at 814.

In this case, the petitioner seeks discovery for the purpose of verifying a fact which may be disputed –that he mailed a speedy trial motion to his attorney–but he does not show how that fact, even if found in his favor, would entitle him to habeas relief.[2]  By his failure "to identify, with specific allegations, any dispositive factual disputes," [3] he places his request outside the

---

[2] Even if Johnson may be deemed to have asserted his right to a speedy trial as early as January of 2001, no single factor may be treated as determinative of the speedy trial issue. *Barker v. Wingo,* 407 U.S. 514, 533 (1972).  Mere assertion of the right does not lead to a presumption of denial of the right.  *See Robinson v. Whitley,* 2 F.3d 562, 569-70 (5th Cir. 1993).

[3] *Webster,* 392 F.3d at 802.

scope of discovery allowed by rule 6.  *Murphy v. Johnson,* 205 F.3d at 814-15.

NOW, THEREFORE, IT IS ORDERED AND ADJUDGED that the petitioner's motion for production of documents [21] should be, and is hereby, DENIED.

SO ORDERED on this, the 20th day of March, 2007.

s/Michael T. Parker
United States Magistrate Judge